a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOVELLE LANG,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1290-P |
| VERSUS | JUDGE DRELL |
| CHRIS McCONNELL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by *pro se* Petitioner Lovelle Lang ("Lang") (#28397-034). Lang is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Lang challenges his conviction and sentence under 28 U.S.C. § 924(c).

Because Lang cannot meet the requirements of the savings clause of § 2255, the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I.  **Background**

Lang was charged by a grand jury with one count of conspiracy to commit a carjacking in violation of 18 U.S.C. § 371; one count of conspiracy to use a firearm during a crime of violence in violation of 18 U.S.C. § 924(n); six counts of carjacking in violation of 18 U.S.C. § 2119; six associated counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). United States v. Lang, 06-30124, 2007 WL 1725548 (5th Cir. June 14, 2007). Following a jury trial, Lang was

convicted of the conspiracy counts, three car-jackings with three associated uses of a firearm, and being a felon in possession of a firearm. Id. Lang was sentenced to 848 months of imprisonment. Id. Lang's conviction was affirmed on appeal, and the Supreme Court denied his petition for certiorari. Lang v. United States, 552 U.S. 963 (2007).

Lang filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied as untimely. (2:04-CR-0011, E.D. La.; Docs. 303, 309).

Lang claims that his § 924(c) convictions are unlawful under United States v. Davis, 139 S.Ct. 2319 (2019).

II. Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial

or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Lang previously filed a § 2255 motion, which was denied. (2:04-CR-0011, E.D. La.; Docs. 303, 309). Therefore, he cannot file another § 2255 motion without authorization from the United States Court of Appeals for the Fifth Circuit. In 2016, Lang sought authorization from the to file a successive § 2255 motion based on Johnson v. United States, 135 S.Ct. 2551 (2015). The Fifth Circuit denied Lang's request. (Case: 16-30736, 5th Cir.).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit

3

precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Lang argues that his conviction is unconstitutional because the underlying crime of violence—conspiracy to commit carjacking—no longer qualifies as a crime of violence. Davis held that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague. However, Lang's § 924(c) convictions (Counts 6, 12, and 14 of the indictment) reference the carjacking offenses (Counts 5, 11, and 13 of the indictment) as the underlying crimes of violence, not the conspiracy to commit carjacking offense. (2:04-CR-0011, E.D. La.; Doc. 153-1, p. 3).

Carjacking is a "crime of violence" under the "elements"—or "use of force"—clause of § 924(c)(3)(A), not the unconstitutional residual clause of § 924(c)(3)(B). See Metcalf v. United States, 3:17-CV-15, 2017 WL 1281133, at *2 (N.D. Tex. Feb. 13, 2017), report and recommendation adopted, 2017 WL 1231642 (N.D. Tex. Apr. 4, 2017), appeal dismissed, 17-10432, 2017 WL 4844448 (5th Cir. June 13, 2017) (citing United States v. Evans, 848 F.3d 242 (4th Cir. 2017) and Gray v. United States, 196 F. Supp. 3d 605 (E.D. Va. 2016)); see also In re Smith, 829 F.3d 1276, 1280–81 (11th Cir. 2016) ("carjacking in violation of § 2119 satisfies § 924(c)'s force[/elements] clause"); In re Cannon, No. 19-12533-F, 931 F.3d 1236, 2019 WL 3334766, at *4 (11th Cir. July 25, 2019) (holding that Davis does announce a "new rule of constitutional law" that is retroactively applicable to cases on collateral review, but carjacking constitutes an elements clause predicate "without resort to § 924(c)(3)(B)'s now-void

4

residual clause"). Therefore, Davis does not apply to Lang's § 924(c) convictions based on the "elements" clause.

Davis does not establish that Lang is "actually innocent" of the charges against him because the decision did not decriminalize the conduct for which he was convicted. See Reyes–Requena, 243 F.3d at 904.

## III. Conclusion

Because Lang cannot meet the requirements of the savings clause of § 2255(e), the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Lang's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

5

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of November, 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE